IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Kendall Green, | ) | C/A No. 8:06-0967-CMC-BHH |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| C/O William McBride; and | ) | |
| Jon Ozmint, Director of SCDC, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment and the plaintiff's motion for partial summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 29, 2006, seeking damages for alleged civil rights violations while he was a pretrial detainee at Lee Correctional Institution. On May 25, 2006, the plaintiff filed a motion for partial summary judgment. On July 14, 2006, the defendants filed a motion for summary judgment. By order filed July 17, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 18, 2006, the plaintiff filed a response opposing the defendants' summary judgment motion.

**FACTS PRESENTED**

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") currently housed in the Lee Correctional Institute ("LCI").[1]  At the time of the incidents alleged in the complaint, the plaintiff was a pretrial detainee and safekeeper from the Marlboro County Detention Center who was being housed at the LCI.  In his complaint, the plaintiff alleges a claim of excessive force against the defendant William McBride.[2]

On February 8, 2006, the plaintiff, allegedly restrained in bellychains and leg irons, was being escorted by the defendant McBride back to his cell following a disciplinary hearing.[3]  (Compl. ¶ 6.)  The plaintiff attempted to retrieve writing paper from another inmate's cell.  (*Id.*)  He alleges the bellychains were so tight that he could not move and he asked McBride to loosen them.  (*Id.*)  The plaintiff and McBride began "fussing."  (Compl. ¶ 6.)  The plaintiff alleges McBride "jacked [him] up" and, in response, he kicked at McBride.  (*Id.*)  He alleges McBride then punched him in the jaw and slammed his face onto the concrete floor.  (*Id.*)  The plaintiff alleges Sgt. McCall came to assist and, as he helped the plaintiff up from the floor, McBride punched the plaintiff again in the face.  (Compl. ¶

---

[1] The defendants state that the plaintiff is no longer housed at the LCI.  This appears to be incorrect at this time.  Apparently, when the defendants filed their summary judgment motion, the plaintiff was housed at Kirkland Correctional Institution. (Docket Entry #14.)  However, the docket reflects the plaintiff is now back at the LCI. (Docket Entry # 22.)

[2] Defendants McCall and SCDC were terminated on April 18, 2006, pursuant to Docket Entry # 5.

[3] The defendant McBride states the plaintiff was not in leg irons at the time of the incident.  (McBride Aff. ¶ 4.)  However, this factual dispute is not material as it does not impact the undersigned's analysis and conclusion based upon the de minimis nature of the plaintiff's injuries.

2

7.) The plaintiff was taken for medical treatment and given an antibiotic ointment.[4] (Compl. ¶ 9.)

The plaintiff seeks compensatory damages against defendants McBride and the South Carolina Department of Corrections ("SCDC") for his physical injuries and emotional distress because defendant McBride continues to work within the plaintiff's living area. (Compl. at 7-8.) He also seeks injunctive relief, to include limiting the circumstances under which officers may use force and mace and removing McBride from his position within the LCI. (Compl. at 8.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

---

[4]The plaintiff was convicted of a disciplinary violation based upon the incident. (Compl. ¶ 10.)

whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### CLAIM OF EXCESSIVE FORCE

The plaintiff alleges the defendant McBride used excessive force violating his constitutional rights. The Supreme Court has held that in evaluating the constitutionality of conditions or restrictions of a pretrial detainee, the proper inquiry is "whether those conditions amount to punishment" under the Due Process clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Fourth Circuit has concluded that excessive force claims of pretrial detainees in custody are governed by the Due Process Clause of the Fourteenth

Amendment. *Taylor v. McDuffie*, 155 F.3d 479, 483-84 (4th Cir.1998). A Fourteenth Amendment claim exists where the defendant "inflicted unnecessary and wanton pain and suffering" on a pretrial detainee, and where the force was applied "maliciously and sadistically for the very purpose of causing harm." *Taylor*, 155 F.3d at 483. Several factors are considered in determining whether prison officials acted maliciously and sadistically: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the officials and 4) the efforts made to temper the severity of a forceful response. *Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996).

In any event, such a claim does not exist absent extraordinary circumstances if the injury is de minimis. *See id*. "Extraordinary circumstances" are only present when the force used is "of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." *Id*. at 483 (internal quotations omitted).

In the present case, there is no evidence, other than the plaintiff's conclusory statements, that he suffered a more than de minimis injury. When the plaintiff was examined after the incident, the nurse noted the plaintiff's cheek was bruised, swollen, and scraped. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 3.) The plaintiff was instructed to clean the area with soap and water and given an antibiotic ointment and the officer was instructed to give the plaintiff an ice pack. (*Id*.) In her notes, the nurse stated that "[n]o other injuries noted" and "[n]o further treatment needed."

The lack of a serious injury compels the conclusion that the plaintiff suffered no

constitutional deprivation when he was restrained by the defendant McBride. *Taylor*, 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers de minimis"); *Stanley v. Hejirika,* 134 F.3d 629, 637-38 (4th Cir.1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury). Nor has the plaintiff alleged any extraordinary circumstances.

Further, the plaintiff's conclusory allegations regarding emotional distress also do not support his claim. Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e(e)(1994)("No Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering). Accordingly, the plaintiff has failed to allege facts which would support an excessive force claim.

### RESPONDEAT SUPERIOR

The plaintiff raises a claim based upon respondeat superior liability against defendant Ozmint. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a

direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices.

As the plaintiff has failed to allege any specific facts regarding defendant Ozmint, Ozmint cannot be liable under the doctrine of respondeat superior for the acts of any subordinate employees. As to the plaintiff's failure to train claim against the SCDC, this claim is also without merit. (Compl. ¶¶ 21- 25; Pl.'s Mem. Opp. Summ. J. at 3.) The plaintiff alleges the SCDC is liable for failing to train defendant McBride because "McBride was placed in the LCI/SMU when his training was incomplete." (Pl.'s Mem. Opp. Summ. J. at 3.) The plaintiff also alleges the defendants have violated state law and SCDC policy. He contends that McBride deliberately assaulted him and then lied about the incident. (Compl. ¶ 22.) The plaintiff alleges the SCDC is aware of the incident and McBride's falsification of the incident. (Compl. ¶ 24.)

To allege a claim of failure to train, there must be deliberate indifference by the defendant supervisor. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Deliberate indifference may be found where "the need for more or different training is . . . obvious, and the [failure to train is] likely to result in the violation of constitutional rights.'" *Id*. at 390. The Supreme Court has held that "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). A plaintiff must also show that the failure to train reflects a policy or custom of, or a conscious decision by, the

supervisor. *Id.* Mere negligence in the failure to train will not suffice to impose § 1983 liability. *Id.* Further, a plaintiff proceeding under a failure to train theory must allege a causal nexus between the failure to train and the complained of injury. *Id.*

The plaintiff has failed to state a failure to train claim. The plaintiff alleges McBride lied about the incident and violated State law and the SCDC policy but, even assuming these allegations are true, these allegations would not support a failure to train claim as to the defendant the SCDC. McBride's violation of a state law or policy would not support a claim of failure to train against the SCDC. No SCDC official policy or custom condones such behavior and the plaintiff has not alleged any deliberate indifference on the SCDC's part. Furthermore, usually one incident does not create a policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985)(finding proof of single incident of unconstitutional activity not sufficient to impose liability under § 1983, unless proof of incident also includes proof that it was caused by existing unconstitutional municipal policy, which policy can be attributed to municipal policymaker; where policy relied upon is not itself unconstitutional, considerably more proof than single incident will be necessary in every case to establish both requisite fault by municipality and causal connection between policy and constitutional deprivation). *See also Zwarton v. City of Chicago*, 625 F.Supp. 1211, 1211 (N.D.Ill.1985) ("Plaintiffs have alleged only a single specific incident, namely their own, and that is not enough to establish a custom or policy."). Additionally, the plaintiff has not alleged any facts which would support a finding of a causal nexus between any perceived failure to train and his injuries. Accordingly, the defendant the SCDC's summary judgment motion should be granted.

**STATE LAW CLAIMS**

In his complaint, the plaintiff also alleges state law claims of assault and battery. (Compl. ¶¶ 19-22.) The court should decline to exercise supplemental jurisdiction over these state law claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (#18) be GRANTED; the Plaintiff's Motion for Partial Summary Judgment (#9) be DENIED; and the Plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks  
United States Magistrate Judge

December 14, 2006  
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).